**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

EZECHIEL REMY,

       *Petitioner*,

v.                                     Case No. 3:26-cv-1589-WWB-SJH

UNITED STATES ATTORNEY
GENERAL, et al.,

       *Respondents.*

_____

## <u>ORDER</u>

Petitioner initiated this action by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (Doc. 1).  Immigration and Customs Enforcement ("**ICE**") is currently detaining Petitioner at North Florida Detention Center.  (*Id.*).  According to Petitioner, ICE took him into custody on November 19, 2025, and his prolonged detention has violated his due process rights seemingly under the purviews of *Zadvydas v. Davis*, 533 U.S. 678 (2001).  (*Id.* at 7).  He also argues that his arrest was unlawful.  (*Id.*).

In *Zadvydas*, 533 U.S. at 690, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns.  Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time.  *Id.* at 701.  The Court also concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation.  *Id.*  "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter."  *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

The "removal period" begins on the latest of three dates: (1) the date on which the order of removal becomes administratively final; (2) "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order"; or (3) "[i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." *See* 8 U.S.C. § 1231(a)(1)(B); *see also* 8 C.F.R. § 1241.1(a)–(f) (outlining the procedural circumstances that render a removal order final). The Attorney General must detain an alien during his removal period. *See* 8 U.S.C. § 1231(a)(2).

Here, according to the Executive Office for Immigration Review ("**EOIR**"), an immigration judge ordered Petitioner removed on April 10, 2026, and Petitioner appeal the order on May 1, 2026. *See* EOIR, Automated Case Information, available at www.acis.eoir.gov (last visited June 18, 2026). Because Petitioner's appeal is still pending, his removal period has not yet begun and Petitioner's request for relief under *Zadvydas* is premature. *See, e.g.*, *Farah v. United States Att'y Gen.*, 12 F.4th 1312, 1332 (11th Cir. 2021) (finding that the petitioner's removal period had not started because the Eleventh Circuit stayed the removal pending judicial review and it had not yet issued its final order). And "[d]etention during removal proceedings is a constitutionally permissible part of the process." *Demore v. Kim*, 538 U.S. 510, 531 (2003).

Also, to the extent that Petitioner challenges his arrest under the Fourth Amendment, "habeas is not a vehicle to redress defects in an initial arrest; its function is to determine whether the petitioner may lawfully remain in custody." *Palma v. Powell*, No. 7:26-CV-299, 2026 WL 701778, at *6 (N.D. Ala. Mar. 12, 2026). "If lawful grounds for detention exist, [Petitioner] is not entitled to release even if there were flaws in his original

2

arrest." *Id.* As a result, if Petitioner attacks the mechanics of his seizure rather than the Government's present statutory authority to hold him, his claim must fail. *See also Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him"); *Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on July 6, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C:    Ezechiel Remy, 244764780

3